fIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OTTER PRODUCTS, LLC, and
TREEFROG DEVELOPMENTS, INC.,

Plaintiffs,

v.

FELLOWES, INC.,

Defendant.

Case No. 19-cv-6195

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Otter Products, LLC and TreeFrog Developments, Inc. (collectively "Plaintiffs")
bring this action against Defendant Fellowes, Inc. ("Fellowes") for patent and trade
dress infringement of Plaintiffs' protective cases for mobile devices. Fellowes moves
under Federal Rule of Civil Procedure 12(e) for a more definite statement of Plaintiffs'
trade dress causes of action. The motion for more definite statement [27] is granted.

## I.    Background

Plaintiffs' Amended Complaint (Dkt. 22, "Am. Compl.") alleges thirteen causes of
action including both federal and state law claims. The relevant claims for purposes
of the present motion are Counts 1, 2, 3, 12, and 13. (*see* Dkt. 28 at 1; Dkt. 33 at 3).

As alleged in the Amended Complaint, in 2013, Plaintiffs OtterBox and TreeFrog
agreed to work together to implement, develop, and evolve the overall appearance of
LifeProof-branded products. Am. Compl. ¶19. The overall visual appearance of the
protective cases "serves as trade dress by serving as an indicator of the source of
LifeProof brand products ('LIFEPROOF Trade Dress')". (*Id.* ¶24). Plaintiffs therefore

1

allege that "[t]he LIFEPROOF Trade Dress is defined by the total image and overall visual impression created by, individually and in combination, the following features: (1) curved side bumpers framing the mute toggle and volume buttons; (2) the "color pop band" between the top and bottom members of the protective case; (3) a trapezoidal branding tag on the side(s) of the case; and (4) where the protective case includes speaker apertures, speaker aperture contrast piping." (*Id*. ¶25). Thus the "overall visual impression created by these defined elements, individually and in combination, is protectable as the LIFEPROOF Trade Dress." (*Id*. ¶26).

## II. Standard

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . [and such a motion] must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) is intended to "strike at unintelligibility rather than want of detail" *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007) (internal quotations omitted), and to eliminate confusion. *Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.*, 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005). Deciding a motion for a more definite statement is in the discretion of the district court. *See*

*Criddell v. Trans Union LLC*, 2010 U.S. Dist. LEXIS 41094, at *6 (N.D. Ill. Apr. 27, 2010).

### III.  Analysis

The Seventh Circuit has explained that "Rule 12(e), rather than a judicial demand for fact pleading, is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). In this case, in order for Fellowes to respond intelligently and for this Court to manage the litigation effectively, Plaintiffs must clarify their asserted trade dress. Fellowes is not asking for more detail, but for clarity about how Plaintiffs define their trade dress.

Fellowes argues that it does not understand "the scope or number of trade dresses being alleged." (Dkt. 28 at 1). It reads the Amended Complaint as alleging "15 different and disparate trade dresses which are multiplied exponentially when contrasting colors and/or [] textures are included." (*Id.* at 8). Plaintiffs respond that the Amended Complaint "demonstrate[s] how a finite number of elements contribute to the overall visual impression defining the LIFEPROOF Trade Dress." (Dkt. 33 at 3). They also argue that they are permitted to allege "multiple related variations of trade dress." (*Id.* at 5).

#### A. Trade Dress

The Lanham Act, 15 U.S.C. § 1125(a), "can extend to 'trade dress,' such as the design or packaging of a product that is so distinctive as to identify the manufacturer or source." *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 418 (7th Cir.

2017). "Trade dress, a distinctive appearance that enables consumers to identify a product's maker, is a form of trademark." *Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.3d 624, 626 (7th Cir. 2010). It is the "'total image or overall appearance of a product,' including size, shape, color, texture, and graphics." *AM Gen. Corp. v. Daimlerchrysler Corp.*, 311 F.3d 796, 814 (7th Cir. 2002) (internal citations omitted). "The Supreme Court has cautioned against overextending trade dress protection, [] because it 'almost invariably serves purposes other than source identification.'" *Flexible Steel Lacing Co. v. Conveyor Access., Inc.*, 955 F.3d 632, 643 (7th Cir. 2020).

To allege trade dress infringement, plaintiffs must "identify and describe their trade dress in *some* detail." *Weber-Stephen Prods. LLC v. Sears Holding Corp.,* 2013 U.S. Dist. LEXIS 153806 (N.D. Ill. Oct. 25, 2013) (emphasis in original); *see also Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, 2020 U.S. Dist. LEXIS 23206, at *22 (N.D. Ill. Feb. 11, 2020) ("[plaintiff] must provide enough detail to put Morton on notice as to what [plaintiff] believes constitutes its protectable trade dress.").

Where a plaintiff claims trade dress in the "overall appearance" of certain elements, as Plaintiffs do here, the trade dress is defined by that overall appearance of the elements in combination. As the Seventh Circuit explained in *Bodum USA, Inc. v. A Top New Casting Inc.,* "where plaintiff seeks to protect overall appearance of its trade dress, [the] focus of analysis is on that total appearance rather than individual design elements in isolation." 927 F.3d 486, 492 (7th Cir. 2019) (citing *Comput. Care v. Serv. Sys. Enters.*, 982 F.2d 1063, 1071 (7th Cir. 1992). *See also Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 936 (7th Cir. 1989) (combination of elements "sufficiently unique

4

to warrant trade-dress protection."); *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1042 (2d Cir. 1992) ("Individual aspects of a trade dress may be eligible for trademark protection in their own right, but in an action for trade dress infringement each aspect should be viewed in relation to the entire trade dress.").

## B. Plaintiff's Asserted Trade Dress

In their Amended Complaint, Plaintiffs repeatedly refer to their trade dress as "created by, individually and in combination" four elements. (Am. Compl. ¶¶25, 26, 29). In their response brief, Plaintiffs maintain that "[d]efining the LIFEPROOF Trade Dress at issue as the overall appearance—created individually and in combination by identified elements—properly defined the scope of the claim at issue." (Dkt. 33 at 4). On one hand, Plaintiffs in their response brief continue to stress the "overall visual appearance", but do not clarify *which* combination of elements constitutes that overall appearance. Indeed Plaintiffs concede that Fellowes' interpretation of their trade dress—as constituting a multitude of possible trade dresses—is accurate. (*Id*. at 5).

However, at the pleading stage, Plaintiffs must identify the claimed trade dress. *Weber-Stephen Prods. LLC*, 2013 U.S. Dist. LEXIS 153806, at *8. They must articulate "the specific elements which comprise [the] distinct dress." *Id*. at *9-10 (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997)). In *Weber-Stephen*, when plaintiff failed to sufficiently define its trade dress, the Court narrowed plaintiff's claimed trade dress, defining it "as (1) the metal bands

5

bordering the edges of the grill shroud and doors and (2) any metal rivets on top of those bands." *Id.* at *13.

Plaintiffs rely on two cases to argue that they should be permitted to allege multiple trade dress theories: *Smith v. City of Chi.,* 2019 U.S. Dist. LEXIS 601 (N.D. Ill. Jan. 3, 2019) and *Samara Bros. v. Wal-Mart Stores, Inc.,* 165 F.3d 120 (2d Cir. 1998). In *Smith*, the court cited the general rule that the federal rules of civil procedure "do not forbid the plaintiff to include multiple legal claims in a single count." 2019 U.S. Dist. LEXIS 601 at *4. But *Smith* was not a trade dress case and did not decide whether plaintiff sufficiently pled its asserted trade dress. *Samara Bros.* was decided after a jury trial, not at the pleading stage. And Plaintiffs do not explain how the court's reference to variation in product lines supports its position that it can claim multiple trade dresses (without identifying even one). Indeed, the Second Circuit in *Samara Bros.* concluded that "[i]n failing adequately to describe Samara's trade dress, the district court granted Samara far too much protection." 165 F.3d at 128. That finding is in line with Supreme Court's cautioning against overly broad trade dress protection as recognized in *Flexible Steel Lacing*, 955 F.3d at 643.

As discussed, courts in this district recognize the importance of a plaintiff defining its trade dress at the pleading stage. *See Weber-Stephen Prods. LLC*, 2013 U.S. Dist. LEXIS 153806, at *10 ("Weber must place a limit on the trade dress it would like to claim."); *Mighty Deer Lick*, 2020 U.S. Dist. LEXIS 23206 at *22 (dismissing without prejudice plaintiff's trade dress claim). Moreover, this is not the first time in this litigation Fellowes has sought clarity from Plaintiffs. In October 2019, Fellowes filed

a motion to dismiss and for a more definite statement. (Dkt. 18). At that time, Fellowes argued that Plaintiffs had not properly identified their alleged trade dress. After Plaintiffs filed their Amended Complaint, this Court denied without prejudice Fellowes' motion (Dkts. 18, 26). Fellowes thereafter filed the present motion solely to seek a more definite statement of Plaintiffs' asserted trade dress.[1]

The Court acknowledges that generally motions for more definite statements are not favored. *See Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 992 (N.D. Ill. 2010). But given the claim at issue in this case and the way in which Plaintiffs pled it, Fellowes' motion is warranted. This is a circumstance "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee note. Both Fellowes and this Court require more clarity. *See Chapman*, 875 F.3d at 849; *see also Michael v. Bell*, 2012 U.S. Dist. LEXIS 113587, at *13-14 (N.D. Ill. Aug. 13, 2012) (requiring plaintiff to clarify her claim where the allegations may be sufficient but "it is unclear whether Plaintiff is attempting to assert such a claim against both Defendants - and, if so, whether Plaintiff is pursuing an alter ego theory."); *Ind. Harbor Belt R.R. v. United Rail Serv.*, 2018 U.S. Dist. LEXIS 64321, at *9 (N.D. Ind. Apr. 17, 2018) (granting Rule 12(e) motion where it was not evident what claims were being alleged).

---

[1] The Court does not agree that Fellowes waived its right to file the present motion. Fellowes filed its original motion for more definite statement in October 2019. And Fellowes' answer (Dkt. 30) made clear that it did not understand the trade dress allegations and reserved its right to amend its pleadings based on this Court's ruling on the present motion.

## IV.    Conclusion

For the stated reasons, Defendant's motion for more definite statement [27] is granted. On or before July 17, 2020, Plaintiffs shall file a second amended complaint in conformance with this order. Twenty-one (21) days after that filing, Defendant shall answer.

E N T E R:

Dated: June 25, 2020

MARY M. ROWLAND
United States District Judge

8